# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CLIFFORD CRABB, Jr., et al.**                                                **PLAINTIFFS**

**V.**                                                **CIVIL ACTION NO. 1:09-CV-217-SA-JAD**

**PINNACLE FINANCIAL GROUP, INC.**                                                **DEFENDANT**

## ORDER

On August 19, 2009, Plaintiff filed his Complaint, alleging that Defendant violated the Telephone Consumer Protection Act (TCPA) and the Fair Debt Collection Practices Act (FDCPA). Plaintiff specifically alleged that during July and August, 2009, Defendant called his cellular telephone at least ten (10) times in an attempt to collect upon an alleged debt owed for medical services. Plaintiff further alleged that each phone call consisted of an artificial, prerecorded message that never identified the caller.

Defendant subsequently filed its Motion to Dismiss [12]. Defendant argued that the Court should dismiss or grant summary judgment as to both the TCPA claim and the FDCPA claim. Defendant's arguments concerning the TCPA claim include a jurisdictional argument. Accordingly, Defendant also filed its Motion to Stay [14] pursuant to Local Rule 16(b). See L.U.Civ.R. 16(b)(3)(B). In response to Defendant's Motion to Dismiss, Plaintiff filed a Motion to Continue [16] under Rule 56(f), seeking discovery. Defendant subsequently filed a Motion to Strike [17] an affidavit attached to Plaintiff's Motion to Continue.

If a party opposing a motion for summary judgment[1] "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a

---

[1] Defendant's Motion to Dismiss included material extrinsic to the pleadings and, therefore, must be treated as a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d).

continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." FED R. CIV. P. 56(f). Alternatively, the Court may "issue any other just order." Id. "Rule 56(f) motions are generally favored and should be liberally granted." Provost v. Nissen, 2009 U.S. App. LEXIS 25425, *5 (5th Cir. Nov. 19, 2009) (per curiam) (citing Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 535 (5th Cir. 1999)). Accordingly, the Court has "broad discretion in deciding whether to grant a continuance under the rule." Id.

"To prevail on a Rule 56(f) motion, a party must show (1) why he needs additional discovery, and (2) how that discovery will create a genuine issue of material fact." Id.; see also Brown v. Miss. Valley State Univ., 311 F.3d 328, 333 n. 5 (5th Cir. 2002). "This showing may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." McAllister v. Livingston, 2009 U.S. App. LEXIS 22018, *46 (5th Cir. Oct. 6, 2009) (punctuation omitted) (quoting Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991)). If the party seeking a continuance is able to meet these requirements, "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." Six Flags Inc. v. Westchester Surplus Lines Ins. Co., 565 F.3d 948, 963 (5th Cir. 2009).

The FDCPA provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. Plaintiff attached an affidavit to his Motion to Continue, declaring, in pertinent part, that he received numerous phone calls from Defendant that did not disclose the identity of the caller. Defendant has submitted its own sworn declaration that any recorded message that would

2

have been played in a call made by Defendant to Plaintiff would have identified the caller. Therefore, it appears as if the only disputed fact with respect to the FDCPA claim is whether the message played during the calls at issue made "meaningful disclosure of the caller's identity" as required by the FDCPA. See 15 U.S.C. § 1692d.

Defendant's Motion to Dismiss was filed on November 4, 2009. Therefore, Plaintiff's Motion to Continue - filed on December 29, 2009 - was indeed untimely. See L.U.Civ.R. 7(b)(4); FED. R. CIV. P. 6(a). However, the discovery sought by Plaintiff is undeniably pertinent to the FDCPA claim. Further, with respect to Defendant's Motion to Dismiss, this Court presently has nothing more to consider than opposing affidavits - one that alleges the recorded message would have identified the caller, and one that alleges it did not identify the caller. In response to a Rule 56(f) motion, the Court has the authority to make any order that is just, without a prerequisite showing of good cause. Culwell v. City of Fort Worth, 468 F.3d 868, 872 (5th Cir. 2006). As there appears to only be a single material fact in dispute - whether the automated message identified the caller - the Court believes that limited discovery would be beneficial to the just and efficient disposition of this case.

Therefore, the Court grants Plaintiff's Motion to Continue [16] and denies Defendant's Motion to Strike [17]. The parties shall have sixty (60) days from the entry of this order to conduct limited discovery on the issues presented by Defendant's Motion to Dismiss Plaintiff's FDCPA claim. Once this limited discovery period has terminated or the parties have concluded their limited discovery, Defendant may amend its Motion to Dismiss if it so wishes.

Finally, Plaintiff conceded that his TCPA claim should be dismissed. Accordingly, the Court grants Defendant's Motion to Dismiss [12] as to Plaintiff's TCPA claim. The only jurisdictional

arguments raised by Defendant were related to the TCPA claim. Therefore, the Court denies Defendant's Motion to Stay [14]. The Court holds in abeyance Defendant's Motion to Dismiss [14] as to Plaintiff's FDCPA claim, pending the parties' completion of the discovery described above.

So ordered on this, the 10th day of March, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**